| | |
|---|---|
| **STEPHEN RALPH RICHARDSON,** | **1:19-cv-01366-LJO-EPG** |
| **Plaintiff,** | **ORDER GRANTING UNOPPOSED MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 21); AND GRANTING UNOPPOSED MOTION STRIKE SECOND AMENDED COMPLAINT (ECF NO. 24)** |
| **v.** | |
| **XAVIER BACERRA [SIC], _et al_.,** | |
| **Defendants.** | |

## I. <u>INTRODUCTION</u>

On September 30, 2019, Plaintiff Stephen Ralph Richardson filed this civil rights complaint asserting three claims, all concerning an adverse decision against him from the California Physician Assistant Board ("PAB") and procedural steps taken subsequent to that decision. ECF No. 1. Plaintiff filed a First Amended Complaint ("FAC") on November 4, 2019. ECF No. 14. Plaintiff's first claim, arising under 42 U.S.C. § 1983 ("Section 1983"), alleges that the PAB violated his Fourteenth Amendment right to procedural due process. _Id_. at 4. He next appears to allege that Title 16 of the California Code of Regulations, § 1399.523.5, violates the U.S. Constitution's prohibition against ex post facto laws. _Id_. Finally, he includes a claim that Defendants conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985(3) ("Section 1985(3)").

On December 3, 2019, Defendants moved to dismiss, and set their hearing on that motion for January 9, 2020. ECF No. 21. On December 4, 2019, Plaintiff lodged a Second Amended Complaint

("SAC"), without a stipulation from Defendants and without leave of court. ECF No. 24. The SAC appears to differ from the FAC in only one material respect – it corrects a misspelling as to one Defendant's name. *Id*. On December 9, 2019, Defendants moved to strike the SAC because Plaintiff did not obtain leave of court to file it and because the amendment would be futile. ECF No. 25. Plaintiff did not timely file any opposition, which would have been due no later than December 26, 2019. *See* Local Rule 230(c). Accordingly, Plaintiff may not be heard in opposition to the motions. *Id*. Having reviewed the motions in light of the entire record, the Court deems the matter suitable for decision on the papers pursuant to Local Rule 230(g), and, for the reasons set forth below, GRANTS both motions.

## II. FACTUAL BACKGROUND

According to judicially noticeable documents, Plaintiff received a California Physician Assistant ("PA") license in 1993. Defendant's Request for Judicial Notice ("RJN"), Ex. 2 at ¶ 3.[1] On October 18, 2000, Plaintiff sustained a conviction in Fresno County Superior Court under California Penal Code section 288(a), for committing lewd or lascivious acts with a child under the age of 14. RJN, Exs. 1(b), 2. Plaintiff was ordered to register as a sex offender pursuant to California Penal Code 290. RJN, Ex. 1(b). Plaintiff surrendered his PA license on January 2, 2002, as a direct result of his conviction. *See* RJN Ex. 2.

More than fifteen years later, in October 2017, Plaintiff submitted a Petition for Penalty Relief, seeking to have his license reinstated. RJN, Ex. 4. On May 24, 2018, Plaintiff received notice from the PAB that his petition had been denied pursuant to Title 16 of the California Code or Regulations,

---

[1] In the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court may take judicial notice of matters of public record, *MGIC Indem. Corp. v. Weisman*, 80 F.2d 500, 504 (9th Cir. 1986), for the purpose of establishing the existence of those records and their content, but not to establish any fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). To the extent the Court references the <u>content</u> of any judicially noticeable documents for the truth, such as its reliance on the 2001 Stipulated Decision and Order in which Plaintiff stipulated to the surrender of his PA license (RJN, Ex. 2) to establish the date on which Plaintiff obtained his PA license, it does so for background purposes only and not to establish any material fact. Elsewhere in this Order, the Court references certain judicially noticeable public records to establish their existence or the nature of the underlying proceedings they reflect. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of underlying state court documents to establish conviction); *United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir.2007) (same).

Section 1399.523.5(3). RJN, Ex. 5. Soon thereafter, the PAB sent him a revised notice of its decision including a statement of Plaintiff's right to appeal the decision. RJN, Ex. 6. Plaintiff pursued and was eventually given a formal hearing on the denial of his reinstatement petition, which resulted in a hearing officer recommending denial of the petition. RJN, Exs. 3, 7, 8, 9. The PAB adopted the proposed decision. RJN, Ex. 3. Plaintiff was notified in an April 12, 2019 letter of the denial, that the decision would become effective on May 10, 2019, and that he could file a petition for reconsideration pursuant to California Government Code § 11521, which requires any such reconsideration petition to be received prior to the effective date. RJN, Ex. 10. On April 24, 2019, Plaintiff mailed a petition for reconsideration to the hearing officer, instead of to the PAB. RJN, Ex. 11. On July 1, 2019, the hearing officer forwarded Plaintiff's petition to the PAB, which sent Plaintiff a letter indicating it lacked jurisdiction to consider his reconsideration petition because it was untimely. RJN, Ex. 12.

So far as the Court can tell from the allegations in the FAC, as well as the judicially noticeable documents presented by Defendants, the next thing Plaintiff did was file this lawsuit.

## III. ANALYSIS

### A. Motion to Dismiss

#### 1. Standard of Decision

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc*., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## 2. <u>**Section 1983 Claim**</u>

Defendants move to dismiss the Section 1983 claim on the ground that Plaintiff failed to exhaust his judicial remedies by filing a writ petition in state court pursuant to California Code of Civil Procedure § 1094.5. *See Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154-55 (9th Cir. 2018). In Doe, the Ninth Circuit considered the University of California's decision to suspend a student for sexual misconduct. *Id*. at 1150. The Ninth Circuit explained that federal courts accord preclusive effect to state administrative proceedings that meet certain fairness requirements, noting that California's writ of administrative mandamus process provides "an adequate opportunity for de novo judicial review." *Id*. at 1154-55 (internal citations omitted). A court in the Ninth Circuit must "give preclusive effect to a state administrative decision if the California courts would do so." *Id*. at 1155. Because, in California, "exhaustion of judicial remedies is necessary to avoid giving binding 'effect to an administrative agency's decision," a party "must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and established process for judicial review of an agency decision." *Id*. (internal quotation marks and citation omitted). *Doe* held that the University of California's suspension decision was the kind of "adjudicatory, quasi-judicial decision" that is subject to California's judicial exhaustion requirement. *Id*. at 1155 (citing *Y.K.A. Indus., Inc. v. Redev. Agency of San Jose*, 174 Cal. App. 4th 339, 94 Cal. Rptr. 3d 424, 444 (2009)). As a result, the suspension decision, about which the student did not seek review in state court, should have been treated as a final and preclusive bar to any Section 1983 claim seeking to overturn the suspension. *Id*.

The Court sees no way to distinguish the present circumstances from those in *Doe*. The PAB's ruling was an adjudicatory, quasi-judicial one, and Plaintiff has failed to allege or even suggest that he exhausted his judicial remedies. Nor has he attempted to otherwise explain why he should be exempt from the exhaustion requirement. Accordingly, Defendants' motion to dismiss the Section 1983 claim is GRANTED.

**3. Ex Post Facto Claim**

As for Plaintiff's allegation that Section 1399.523.5 violates the U.S. Constitution's prohibition against ex post facto laws, the Court finds this claim legally invalid as alleged. As Defendants explain in their motion to dismiss, ECF No. 21-1 at 18, the Ninth Circuit has upheld California's sex offender registration laws as constitutional on the ground that registration itself is not punitive. *United States v. Hardeman*, 704 F.3d 1266, 1268 (9th Cir. 2013), *citing People v. Fioretti*, 54 Cal. App. 4th 1209, 63 Cal. Rptr. 2d 367, 370-71 (1997) (holding that retroactive application of the state sex offender registration laws does not violate the Ex Post Facto Clause). Likewise, state statutory schemes imposing occupational debarment upon commission of specified acts have also been deemed nonpunitive. *Smith v. Doe*, 538 U.S. 84, 100 (2003), *citing Hudson v. United States*, 522 U.S. 93, 104 (1997) (forbidding further participation in the banking industry after commission of financial crimes). Defendants' motion to dismiss the ex post facto claim is GRANTED.

**4. Section 1985(3) Claim**

Finally, Plaintiff's Section 1985(3) claim is without merit as presently pled. Plaintiff generally alleges a violation of Section 3 of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3). Section 1985(3) provides:

> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such

conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The first part of Section 1985(3) prohibits persons from conspiring to deprive any person of his or her constitutional rights, while the second part of Section 1985(3) prohibits conspiracies to interfere with the federal voting process. Section 1985(3) also provides for a private right of action for damages caused by any conspiracy prohibited by § 1985.

An essential requirement for a 1985(3) claim is that there must be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993). Section 1985(3) was not meant to apply to all tortious conspiracies to deprive the rights of another. *Id.* Section 1985(3) does not extend beyond race unless that class can show that the government has determined that class members "require and warrant special federal assistance in protecting their civil rights." *Orin v. Barclay*, 272 F.3d 1207, 1217 n. 4 (9th Cir. 2001). Plaintiff does not allege a conspiracy of any kind, let alone one motivated by racial animus or animus to any class warranting special protection. Defendants' motion to dismiss the Section 1985 claim is GRANTED.

### 5. <u>Leave to Amend</u>

The Court cannot envision any obvious way that the claims in this case could be amended to cure the deficiencies outlined above. Accordingly, the Court will not automatically grant Plaintiff leave to amend. However, because this is the first round of motions to dismiss, as set forth below, the Court will afford Plaintiff an opportunity to show cause in writing why he should be given leave to amend the complaint.

## B. <u>Motion to Strike</u>

Finally, Defendants move to strike the lodged SAC. Futility alone can justify denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Here, the SAC makes no substantive changes to the allegations of the FAC, all of which are subject to dismissal as set forth above.

Accordingly, there is no basis for allowing the filing of the lodged SAC. Defendants' motion to strike is therefore GRANTED and the Clerk of Court is directed to strike the SAC, ECF No. 24, from the record.

### IV. <u>CONCLUSION</u>

For the reasons set forth above:

(1) Defendants' motion to dismiss is GRANTED in its entirety.

(2) Plaintiff is ordered to show cause in writing why he should be afforded leave to amend any of his claims. If Plaintiff wishes to seek leave to amend, on or before January 20, 2020, he shall file a brief, no longer than seven (7) pages in length, indicating any factual and legal bases for amendment, taking into consideration the reasoning presented above. Upon receipt of any such brief, the Court will determine whether it believes an opposition is necessary and will set an appropriate deadline. If Plaintiff declines to file a brief on or before January 20, 2020, the Court will close this case.

(3) Defendants' motion to strike is GRANTED, and the Clerk of Court is directed to strike the SAC, ECF No. 24, from the record.

IT IS SO ORDERED.

Dated:   **January 6, 2020**            **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE