UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RALPH RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BACERRA [SIC], *et al.*,<br><br>Defendants. | No. 1:19-cv-01366-NONE-EPG<br><br>ORDER GRANTING REQUEST FOR RELIEF FROM DISMISSAL ORDER; AND SETTING BRIEFING DEADLINES<br><br>(Doc. No. 35) |

On September 30, 2019, Plaintiff Stephen Ralph Richardson, who was at the time proceeding *pro se*, filed this civil rights complaint asserting three claims, all concerning an adverse licensure decision against him by the California Physician Assistant Board (PAB) and procedural steps taken subsequent to that decision. (Doc. No. 1.) Plaintiff, still proceeding *pro se*, filed a first amended complaint (FAC) on November 4, 2019. (Doc. No. 14.) The FAC's first claim, arising under 42 U.S.C. § 1983, alleged that the PAB's licensure decision violated plaintiff's Fourteenth Amendment right to procedural due process. (*Id.* at 4.) The FAC next appeared to allege that Title 16 of the California Code of Regulations (CCR), § 1399.523.5 (requiring revocation of certain forms of licenses held by registered sex offenders), violates the U.S. Constitution's prohibition against ex post facto laws. (*Id.*) Finally, the FAC included a

1

claim that defendants conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985(3).

On December 3, 2019, defendants moved to dismiss, and set the hearing on that motion for January 9, 2020. (Doc. No. 21.) On December 4, 2019, plaintiff, again proceeding *pro se*, lodged a second amended complaint (SAC), without a stipulation from defendants and without leave of court. (Doc. No. 24.) The SAC appeared to differ from the FAC in only one material respect: it corrected a misspelling as to one defendant's name. (*Id*.) On December 9, 2019, defendants moved to strike the SAC because plaintiff did not obtain leave of court to file it and because the amendment would be futile. (Doc. No. 25.) Plaintiff did not timely file any oppositions to the defense motions, which would have been due no later than December 26, 2019. *See* Local Rule 230(c).

On January 6, 2020, the previously assigned district judge issued an order dismissing plaintiff's FAC and all of its causes of action for failure to state a cognizable claim. (Doc. No. 33.) The § 1983 claim was dismissed on the grounds that plaintiff had failed to exhaust his judicial remedies, which would have required him to file a writ petition in state court pursuant to California Code of Civil Procedure § 1094.5 challenging the PAB's licensure decision. (*Id*. at 5.) Plaintiff's claim that CCR § 1399.523.5 violates the prohibition against ex post facto laws was dismissed because similar challenges to California's sex offender registration laws have been rejected on the ground that registration itself is not punitive and because state statutory schemes imposing occupational debarment upon commission of specified acts have also been deemed nonpunitive. (Doc. No. 33 at 6.) Finally, plaintiff's § 1985(3) claim was dismissed because he failed to allege a covered conspiracy motivated by racial animus or animus to any class warranting special protection under that statute. (*Id*. at 6–7.) Out of an abundance of caution, although the court could not at that time "envision any obvious way that the claims in this case could be amended to cure the deficiencies outlined," the court did not dismiss the case outright, but instead ordered plaintiff to show cause in writing on or before January 20, 2020, "why he should be afforded leave to amend the complaint." (*Id*. at 7–8.) Plaintiff's lodged SAC was
/////

stricken on the ground that it failed to cure any of the identified defects and therefore permitting it to be filed would be futile. (*Id*. at 7–8.)

Meanwhile, on or about January 3, 2020, attorney Steve Whitworth submitted a notice of appearance as counsel of record on plaintiff's behalf. That notice was received and approved by the assigned magistrate judge on January 3, 2020, but neither the notice nor the order approving attorney Whitworth's appearance was docketed until January 6, 2020. (Doc. Nos. 32, 33.) As a result, it appears the previously assigned district judge was unaware of counsel's notice of appearance having been filed at the time the dismissal/order to show cause was issued.

According to attorney Whitworth, as early as mid-December 2019, he had been in discussions with defense counsel, Deputy Attorney General Sarah Jacobs, to obtain a stipulation to continue the hearing on defendant's motion to dismiss. (Doc. No. 35-1 at ¶ 3.) Specifically, attorney Whitworth asserts that on December 17, 2019, Deputy Attorney General Jacobs agreed to stipulate to continue the hearing to January 22, 2020. (*Id*. at 3 & Ex. A.)

According to Deputy Attorney General Jacobs, however, counsels' initial communications were more equivocal. She asserts as follows. Attorney Whitworth indicated on December 17, 2019 that he was not entirely certain he would be entering an appearance in the case on plaintiff's behalf. (Doc. No. 36-1 at ¶ 2.) When attorney Whitworth inquired about the hearing date on the pending motion to dismiss, Deputy Attorney General Jacobs indicated that the hearing was set for January 8, 2020, but declined to articulate the deadline for plaintiff's opposition. (*Id*.) Attorney Whitworth requested a continuance and Deputy Attorney General Jacobs indicated that she would contact her clients to request authorization to stipulate to the same. (*Id*.) Later that same day, Deputy Attorney General Jacobs clarified by email that defendants did not object to continuing the hearing date so long as it would be re-set no later than January 22, 2020. (*Id*. at ¶ 4.) She now indicates that, while defendants agreed to continue the hearing date, they did not agree to extend the deadline within which plaintiff could file an opposition to the motion to dismiss.[1] (*Id*.

---

[1] The court finds this assertion to be, at best, out of sync with the Local Rules of the Eastern District of California, which, as a default, provide that opposition and reply deadlines are calculated backwards from the noticed or continued hearing date. *See* Local Rule 230(g).

at ¶ 4.) Deputy Attorney General Jacobs did not hear from attorney Whitworth again for nearly two weeks. (*Id*. at ¶ 5.) Accordingly, on December 30, 2019, assuming that attorney Whitworth had decided not to enter an appearance on plaintiff's behalf after all, Deputy Attorney General Jacobs filed a notice indicating that no opposition to the pending motions had been filed. (*Id*.)

On January 3, 2020, after sending his notice of appearance to the court, attorney Whitworth again contacted defense counsel to finalize the proposed stipulation. (*Id*. at ¶ 6–7.) However, by that time Deputy Attorney General Jacobs would no longer agree to the stipulation because Whitworth had failed to timely file an opposition to the pending motions. (*Id*. at ¶ 7.)

Plaintiff has now brought a motion for relief from the dismissal order pursuant to Federal Rules of Civil Procedure, Rule 6(b), and Rule 60(b). Both rules allow the court to extend the time to file an opposition or to provide relief from an order on the basis of "excusable neglect." To determine whether to grant such a request, the court must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 380, 394, 395 (1993); *see also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

Defendant opposes the request on the ground that plaintiff has failed to demonstrate excusable neglect, particularly in light of plaintiff's failure to timely file an opposition to the motion to dismiss or response to the order to show cause. (*See* Doc. No. 36 at 5.) Attorney Whitworth asserts in reply that he relied on defense counsel's representation that defendant would consent to move the motion to dismiss hearing date and calendared the opposition deadline accordingly. (Doc. No. 38-1 at ¶ 2.) After the process of entering his appearance in this case was finalized, attorney Whitworth thereafter learned that the court had dismissed the case. (*See id*. at ¶ 3.) On January 24, 2020, attorney Whitworth filed his motion for relief from the dismissal order. (Doc. No. 35.) Attorney Whitworth claims not to have received the court's order to show cause, with its January 20, 2020 response deadline.

Applying the *Pioneer* factors here, the court finds that there is no danger of prejudice to the defendant by the granting of the requested relief. "Prejudice requires greater harm than

4

simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1196; *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) ("[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment.").

As to the length of the delay, less than a month passed between the issuance of the dismissal order and the filing of plaintiff's motion to re-open this case. Less than four days passed between the deadline for plaintiff's response to the order to show cause and the filing of the pending motion.

Finally, attorney Whitworth has provided viable explanations for the relevant delays and appears to have acted in good faith. While he has arguably been careless, given that he claims to have found out about the dismissal but nonetheless failed to acquire the underlying dismissal order, the court finds that attorney Whitworth's scheduling errors and oversights constitute excusable neglect. It appears he relied upon defense counsel's agreement to move the motion to dismiss hearing date to a date no later than January 22, 2020, which agreement would have meant that any opposition thereto would have been due no later than January 8, 2020 under Local Rule 230(c). Prior to that deadline passing, he made efforts to enter his appearance in this case but then learned that defendant would no longer stipulate to continue the hearing date on the motion to dismiss. Meanwhile, having learned that the court had dismissed the case, attorney Whitworth pursued a "motion to re-open the case" unaware of the fact that the court had also ordered plaintiff to show cause why leave to amend should be granted. Somewhat sloppy? Yes. Inexcusable? No. Even when the reason for the delay is weak, where the equities favor excusing the negligence, the court must do so. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000) (reason for delay was travel, jet lag, and the time it took to sort through mail).

Accordingly, the court will grant plaintiff's motion.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Plaintiff's motion seeking relief from the order of dismissal (Doc. No. 35) is
    GRANTED;

(2) The court's January 6, 2020 dismissal order (Doc. No. 33) is VACATED;

(3) Within fourteen (14) days of electronic service of this Order, plaintiff shall file an opposition to the motion to dismiss, a motion for leave to amend the complaint, or a stipulation to amend the complaint; and

(4) Absent the filing of a stipulation permitting amendment, defendants shall have fourteen days from the date of plaintiff's submission to file a reply.

IT IS SO ORDERED.

Dated: **February 25, 2020**

UNITED STATES DISTRICT JUDGE