UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RALPH RICHARDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>XAVIER BACERRA [SIC], *et al*.,<br><br>    Defendants. | No. 1:19-cv-01366-LJO-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 21) |

**INTRODUCTION**

On September 30, 2019, Plaintiff Stephen Ralph Richardson, who was at the time proceeding *pro se*, filed this civil rights complaint asserting three claims, all concerning an adverse licensure decision against him from the California Physician Assistant Board (PAB) and procedural steps taken subsequent to that decision. (Doc. No. 1.) Plaintiff, still proceeding *pro se*, filed a first amended complaint (FAC) on November 4, 2019. (Doc. No. 14.) The FAC's first claim, arising under 42 U.S.C. § 1983, alleged that the PAB's licensure decision violated plaintiff's Fourteenth Amendment right to procedural due process. (*Id*. at 4.) The FAC next appeared to allege that Title 16 of the California Code of Regulations (CCR), § 1399.523.5 (requiring revocation of certain forms of licenses held by registered sex offenders), violates the

1

U.S. Constitution's prohibition against ex post facto laws. (*Id*.) Finally, the FAC included a claim that defendants conspired to interfere with plaintiff's civil rights in violation of 42 U.S.C. § 1985(3).

On December 3, 2019, defendants moved to dismiss, and set the hearing on that motion for January 9, 2020. (Doc. No. 21.) On December 4, 2019, plaintiff, again proceeding *pro se*, lodged a second amended complaint (SAC), without a stipulation from defendants and without leave of court. (Doc. No. 24.) The SAC appeared to differ from the FAC in only one material respect: it corrected a misspelling as to one defendant's name. (*Id*.) On December 9, 2019, defendants moved to strike the SAC because plaintiff did not obtain leave of court to file it and because the amendment would be futile. (Doc. No. 25.) Plaintiff did not timely file any oppositions to the defense motions, which would have been due no later than December 26, 2019. *See* Local Rule 230(c).

On January 6, 2020, the previously assigned district judge issued an order dismissing all of the claims in the FAC for failure to state a claim. (Doc. No. 33 (January 6 Dismissal Order).) In an abundance of caution, although the court could not at that time "envision any obvious way that the claims in this case could be amended to cure the deficiencies outlined," the court did not dismiss the case outright, but instead ordered plaintiff to show cause in writing on or before January 20, 2020, "why he should be afforded leave to amend the complaint." (*Id*. at 7–8.) The lodged SAC was stricken on the ground that it failed to cure any of the identified defects and therefore permitting it to be filed would be futile. (*Id*. at 7–8.)

Meanwhile, on or about January 3, 2020, attorney Steve Whitworth filed a notice to appear on plaintiff's behalf in this action. For reasons the court will not repeat here, but which are described in detail in its February 27, 2020 Order, the order of dismissal was set aside and plaintiff, through counsel, was permitted an opportunity to file an opposition to defendant's December 3, 2019 motion to dismiss. (Doc. No. 41.) Defendant was also permitted an opportunity to file a reply. (*Id*.) The parties have now filed those briefs (Doc. Nos. 42, 43), and the matter is ripe for decision.

/////

Having now reviewed the motions in light of the entire record, including the most recent filings, for the reasons explained below, the court will once again GRANT defendant's motion to dismiss without leave to amend.

**FACTUAL BACKGROUND**

According to judicially noticeable documents in the record, plaintiff received a California Physician Assistant (PA) license in 1993. (Defendant's Request for Judicial Notice (RJN), Ex. 2 at ¶ 3.)[1] On October 18, 2000, plaintiff sustained a conviction in Fresno County Superior Court for committing lewd or lascivious acts with a child under the age of 14 in violation of under California Penal Code § 288(a),. (RJN, Exs. 1(b), 2.) Plaintiff was ordered to register as a sex offender pursuant to California Penal Code § 290. (RJN, Ex. 1(b).) Plaintiff surrendered his PA license on January 2, 2002, as a direct result of his conviction. (*See* RJN Ex. 2.)

More than fifteen years later, in October 2017, plaintiff submitted a Petition for Penalty Relief, seeking to have his license reinstated. (RJN, Ex. 4.) On May 24, 2018, he received notice from the PAB that his petition had been denied pursuant to Title 16 of the California Code or Regulations, § 1399.523.5(3). (RJN, Ex. 5.) Soon thereafter, the PAB sent him a revised notice of its decision including a statement of plaintiff's right to appeal. (RJN, Ex. 6.) Plaintiff pursued and was eventually given a formal hearing on the denial of his reinstatement petition, which resulted in a hearing officer recommending denial of the petition. (RJN, Exs. 3, 7, 8, 9.) The PAB adopted the proposed decision. (RJN, Ex. 3.) Plaintiff was notified in an April 12, 2019 letter of the denial, that the decision would become effective on May 10, 2019, and that he could file a

---

[1] In the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court may take judicial notice of matters of public record, *MGIC Indem. Corp. v. Weisman*, 80 F.2d 500, 504 (9th Cir. 1986), for the purpose of establishing the existence of those records and their content, but not to establish any fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b). To the extent the court references the *content* of any judicially noticeable documents for the truth, such as its reliance on the 2001 Stipulated Decision and Order in which plaintiff stipulated to the surrender of his PA license (RJN, Ex. 2) to establish the date on which plaintiff obtained his PA license, it does so for background purposes only and not to establish any material fact. Elsewhere in this order, the court refers to certain judicially noticeable public records to establish their existence or the nature of the underlying proceedings they reflect. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of underlying state court documents to establish conviction); *United States v. Valle-Montalbo*, 474 F.3d 1197, 1201-02 (9th Cir. 2007) (same).

3

petition for reconsideration pursuant to California Government Code § 11521, which requires any such reconsideration petition to be received prior to the effective date. (RJN, Ex. 10.) On April 24, 2019, plaintiff mailed a petition for reconsideration to the hearing officer, instead of to the PAB. (RJN, Ex. 11.) On July 1, 2019, the hearing officer forwarded plaintiff's petition to the PAB, which sent plaintiff a letter indicating it lacked jurisdiction to consider his reconsideration petition because it was untimely. (RJN, Ex. 12.)

On September 30, 2019, plaintiff filed this lawsuit.

## STANDARD OF DECISION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

4

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

## ANALYSIS

**A.     Plaintiff's Claim Brought Pursuant to 42 U.S.C. § 1983**

Defendants move to dismiss plaintiff's § 1983 claim on the ground that he failed to exhaust his judicial remedies by filing a writ petition in state court pursuant to California Code of Civil Procedure § 1094.5. *See Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154–55 (9th Cir. 2018). The previously assigned district judge evaluated this argument in detail in the January 6, 2020 Dismissal Order as follows.

> In *Doe*, the Ninth Circuit considered the University of California's decision to suspend a student for sexual misconduct. *Id*. at 1150. The Ninth Circuit explained that federal courts accord preclusive effect to state administrative proceedings that meet certain fairness requirements, noting that California's writ of administrative mandamus process provides "an adequate opportunity for de novo judicial review." *Id*. at 1154–55 (internal citations omitted). A court in the Ninth Circuit must "give preclusive effect to a state administrative decision if the California courts would do so." *Id*. at 1155. Because, in California, "exhaustion of judicial remedies is necessary to avoid giving binding 'effect to an administrative agency's decision," a party "must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and established process for judicial review of an agency decision." *Id*. (internal quotation marks and citation omitted). *Doe* held that the University of California's suspension decision was the kind of "adjudicatory, quasi-judicial decision" that is subject to California's judicial exhaustion requirement. *Id*. at 1155 (citing *Y.K.A. Indus., Inc. v. Redev. Agency of San Jose*, 174 Cal. App. 4th 339 (2009)). As a result, the suspension decision, about which the student did not seek review in

5

> state court, should have been treated as a final and preclusive bar to any Section 1983 claim seeking to overturn the suspension. *Id*.
>
> The Court sees no way to distinguish the present circumstances from those in *Doe*. The PAB's ruling was an adjudicatory, quasi-judicial one, and Plaintiff has failed to allege or even suggest that he exhausted his judicial remedies. Nor has he attempted to otherwise explain why he should be exempt from the exhaustion requirement.

(Doc. No. 33 at 5.)

Plaintiff entirely fails to address the Ninth Circuit's decision in *Doe*, instead arguing that "administrative remedies" are not required, citing *Patsy v. Board of Regents*, 457 U.S. 496 (1982). *Patsy* indeed held that a plaintiff seeking relief under § 1983 need not exhaust available *administrative* remedies, but *Patsy* says nothing about exhaustion of *judicial* remedies. *Id*. *Doe*, in contrast, stands for the specific proposition that a party seeking relief from an adverse California administrative decision must first pursue review of that decision in state court by way of administrative mandamus; if the party fails to do so, he may not bring a procedural due process claim under § 1983 challenging the process provided by that administrative body because the administrative decision is deemed final and must be given preclusive effect in federal court. *Doe* is on point and controls here. Plaintiff failed to pursue judicial remedies in state court. Accordingly, the underlying administrative decision is given preclusive, binding effect and cannot be the subject of a procedural due process challenge. For the same reasons articulated in the January 6, 2016 Dismissal Order, the court will again dismiss plaintiff's § 1983 claim without prejudice due to his failure to exhaust judicial remedies available to him in state court. In light of this finding, the court declines to address plaintiff's other, somewhat disjointed arguments as to the possible merit of his due process challenge as well as the parties' discussions of Eleventh Amendment immunity.

**B.     *Ex Post Facto* Claim**

The January 6, 2020 order of dismissal also granted defendants' motion to dismiss plaintiff's allegation that § 1399.523.5 violates the U.S. Constitution's prohibition against *ex post facto* laws. This court held this claim was "legally invalid as alleged," reasoning that

/////

> the Ninth Circuit has upheld California's sex offender registration laws as constitutional on the ground that registration itself is not punitive. *United States v. Hardeman*, 704 F.3d 1266, 1268 (9th Cir. 2013), citing *People v. Fioretti*, 54 Cal. App. 4th 1209 (1997) (holding that retroactive application of the state sex offender registration laws does not violate the Ex Post Facto Clause). Likewise, state statutory schemes imposing occupational debarment upon commission of specified acts have also been deemed nonpunitive. *Smith v. Doe*, 538 U.S. 84, 100 (2003), citing *Hudson v. United States*, 522 U.S. 93, 104 (1997) (forbidding further participation in the banking industry after commission of financial crimes).

(Doc. No. 33 at 6.)

Plaintiff offers no quarrel with this reasoning, which remains valid. Defendant's motion to dismiss plaintiff's *ex post facto* claim will also be GRANTED.

**C.    Plaintiff's Claim Brought Pursuant to 42 U.S.C. § 1985(3)**

Finally, plaintiff's FAC generally alleges a violation of Section 3 of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3). That claim was also previously dismissed by this court for the following reasons:

> The first part of Section 1985(3) prohibits persons from conspiring to deprive any person of his or her constitutional rights, while the second part of Section 1985(3) prohibits conspiracies to interfere with the federal voting process. Section 1985(3) also provides for a private right of action for damages caused by any conspiracy prohibited by § 1985. An essential requirement for a 1985(3) claim is that there must be some racial or otherwise class based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993). Section 1985(3) was not meant to apply to all tortious conspiracies to deprive the rights of another. *Id*. Section 1985(3) does not extend beyond race unless that class can show that the government has determined that class members "require and warrant special federal assistance in protecting their civil rights." *Orin v. Barclay*, 272 F.3d 1207, 1217 n. 4 (9th Cir. 2001). Plaintiff does not allege a conspiracy of any kind, let alone one motivated by racial animus or animus to any class warranting special protection.

(Doc. No. 33 at 6–7.) Once again, plaintiff mounts no argument in opposition to dismissal of this claim. Therefore, defendant's motion to dismiss plaintiff's § 1985(3) claim will also be GRANTED.

/////

/////

7

**D.      Leave to Amend**

Plaintiff requests leave to amend.  First, plaintiff generally asserts that amendment should be permitted as a matter of course because he has yet to have an opportunity to amend his complaint with the assistance of counsel.  (Doc. No. 42 at 8–9.)  Plaintiff is correct that Federal Rule of Civil Procedure 15 provides that a "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Yet, even that liberal standard has its limits.  "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."  *Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1051 (9th Cir. 2008).  In the January 6, 2020 Dismissal Order, the court indicated that it could not "envision any obvious way that the claims in this case could be amended to cure the deficiencies outlined."  (Doc. 33 at 7.)  Plaintiff's most recent filing does nothing to dispel this concern.  Plaintiff's counsel has simply offered miscellaneous arguments about why the process afforded plaintiff was insufficient, but fails to address the threshold issue of plaintiff's failure to pursue judicial remedies in state court.  Plaintiff's counsel also mentions "substantive due process" but provides no explanation as to how any substantive due process claim could be advanced based upon the facts alleged.  The court is aware of no substantive due process doctrine that could possibly apply here.  Plaintiff has advanced no arguably viable way to cure the deficiencies of the previously dismissed claims or pursue a different federal claim in this case.  Accordingly, and because the granting of further leave to amend would be futile under the circumstances, the court will grant defendant's motion to dismiss without leave to amend.

## CONCLUSION

For the foregoing reasons, the court will grant defendant's motion to dismiss (Doc. No. 21) without leave to amend.  The Clerk of Court is directed to assign a district judge to this matter and close this case.

IT IS SO ORDERED.

Dated: __**May 28, 2020**__                                   _____
                                                              UNITED STATES DISTRICT JUDGE

8